```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. 09-26   J |
| GILBERTO NEPOMUCENO-SALAS | ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and John J. Valkovci, Jr., Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.   THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Re-entry of removed alien, on or about May 28, 2009. | 8 U.S.C. §§ 1326(a) and 1326(b)(1) |

### II.   ELEMENTS OF THE OFFENSE

A.   As to Count One:

In order for the crime of reentry of removed alien, in violation of 8 U.S.C. § 1326(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant was an alien.

> United States v. Flores-Peraza, 58 F.3d 164, 166 (5th Cir. 1995); United States v. Barragan-Cepeda, 29 F.3d 1378, 1381 (9th Cir. 1994); United States v. Meza-Soria, 935 F.2d 166, 169-70 (9th Cir. 1991); United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989).

2. That the defendant had been previously deported and removed from the United States.

> United States v. Mendoza-Lopez, 481 U.S. 828 (1987); United States v. Gutierrez-Alba, 128 F.3d 1324, 1327 (9th Cir. 1997); United States v. Flores-Peraza, 58 F.3d 164, 166 (5th Cir. 1995); United States v. Barragan-Cepeda, 29 F.3d 1378, 1381 (9th Cir. 1994); United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989).

3. That, thereafter, on or about the date alleged in the indictment, the defendant voluntarily re-entered into and/or was unlawfully present in the United States.

> United States v. Martus, 138 F.3d 95 (2d Cir. 1998); United States v. Flores-Peraza, 58 F.3d 164, 166 (5th Cir. 1995); United States v. Barragan-Cepeda, 29 F.3d 1378, 1381 (9th Cir. 1994); United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989).

4. That the defendant did not have the consent or permission of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reenter into the United States, pursuant to the provisions of Title 6, United States Code, Sections 202(3) and 202(4) and Section 557.

> United States v. Martus, 138 F.3d 95 (2d Cir. 1998); United States v. Flores-Peraza, 58 F.3d

164, 166 (5th Cir. 1995); <u>United States v. Barragan-Cepeda</u>, 29 F.3d 1378, 1381 (9th Cir. 1994); <u>United States v. Espinoza-Leon</u>, 873 F.2d 743, 746 (4th Cir. 1989).

### III. PENALTIES

A.  As to Count One: Re-entry of removed alien, in violation of 8 U.S.C. § 1326(a), the maximum penalties are:

1.  Not more than two (2) years imprisonment (8 U.S.C. § 1326(a)), unless any of the following circumstances exist:

(a)  If the alien's removal was subsequent to a conviction for commission of three (3) or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), not more than ten (10) years imprisonment (8 U.S.C. § 1326(b)(1));

(b)  If removal was subsequent to a conviction for commission of an aggravated felony, not more than twenty (20) years imprisonment (8 U.S.C. § 1326(b)(2));

(c)  If removal occurred on security grounds for terrorist activity (8 U.S.C. §§ 1225(c), 1182(a)(3)(B) and 1531 <u>et seq</u>.), not more than ten (10) years imprisonment, consecutive to any other sentence (8 U.S.C. § 1326(b)(3)); or

(d)  If removal occurred prior to completion of a sentence of imprisonment for a non-violent convicted offender (8 U.S.C. § 1231(a)(4)(B)), not more than ten (10) years imprisonment (8 U.S.C. § 1326(b)(4)).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than one (1) year (if the maximum prison term is 2 years), or not more than three (3) years (if the maximum prison term is ten (10) or more years) (18 U.S.C. § 3583(b)).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed if the defendant is convicted, pursuant to 18 U.S.C. § 3013, as the offense occurred on or after April 24, 1996.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

JOHN J. VALKOVCI, JR.
Assistant U.S. Attorney
Pa. ID No. 55339

4